# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESHKO PRODUCE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ILA PRODUCTS, INC., et al., <br><br> Defendants. | Case No.: 1:19-cv-00017-DAD-BAM <br><br> **ORDER CONSTRUING DEFENDANTS JAMIE GIBSON AND KATHY GIBSON'S ANSWERS AS MOTIONS TO SET ASIDE DEFAULT AND SETTING BRIEFING SCHEDULE** <br><br> (Doc. Nos. 13, 14, 16) |

On January 4, 2019, Plaintiff Freshko Produce Services, Inc. ("Plaintiff") filed a complaint seeking damages, declaratory relief, attorneys' fees and costs against Defendants ILA Products, Inc., HFN CA, Inc., Jamie Gibson, and Kathy Gibson pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, and related claims. (Doc. No. 1.) Defendants were each personally served with copies of the Summons and Complaint on January 29, 2019. (Doc. Nos. 5, 6, 7, 8.) Defendants did not timely answer the complaint, and the Clerk of the Court entered defaults against them on February 21, 2019. (Doc. No. 13.) On February 28, 2019, Defendant Jamie Gibson filed an answer to the complaint. (Doc. No. 14.) On March 1, 2019, Defendant Kathy Gibson filed an answer to the complaint. (Doc. No. 16.)

1        The Court construes the answers as motions by Defendants Jamie Gibson and Kathy Gibson, each appearing *pro se*, to set aside the Clerk's entry of default against them. No explanation was provided by defendants for their tardy response. Accordingly, Defendants Jamie Gibson and Kathy Gibson will be allowed an opportunity to file supplemental briefing addressing whether good cause exists to set aside the Clerk's entry of default, and Plaintiff will likewise be allowed an opportunity to respond. *See* Fed. R. Civ. P. 55(c); E.D. Cal. L.R. 230; *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

       Defendants Jamie Gibson and Kathy Gibson are ADVISED that although each has the right to appear on his or her own behalf in this action, they have no authority to appear as an attorney on behalf of each other or any of the remaining Defendants. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (non-attorney proceeding pro se may bring his own claims to court, but has no authority to appear as an attorney for others).

       Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant Jamie Gibson's answer filed on February 28, 2019 (Doc. No. 14), is construed as a motion to set aside the Clerk's entry of default as to Defendant Jamie Gibson only;

2. Defendant Kathy Gibson's answer filed on March 1, 2019 (Doc. No. 16), is construed as a motion to set aside the Clerk's entry of default as to Defendant Kathy Gibson only;

3. Defendants Jamie Gibson and Kathy Gibson shall each file and serve a supplemental brief on or before **March 29, 2019**, addressing whether good cause exists to set aside the Clerk's entry of default against them;

4. Plaintiff's responses to the motions to set aside the Clerk's entry of default shall be filed and served on or before **April 12, 2019**; and

///
///
///
///
///
///

5. Plaintiff is ordered to serve a copy of this Order and its responses to the motions to set aside the Clerk's entry of default on Defendants ILA Products, Inc. and HFN CA, Inc. at 550 W. Cienega Ave. #C, San Dimas, CA 91773, on Defendant Jamie Gibson at P.O. Box 3094, San Dimas, CA 91773, and on Defendant Kathy Gibson at P.O. Box 301, Pomona, CA 91769-0301.

IT IS SO ORDERED.

Dated: **March 4, 2019**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE