UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESHKO PRODUCE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ILA PRODUCTS, INC., et al., <br><br> Defendants. | Case No.: 1:19-cv-00017-DAD-BAM <br><br> **FINDINGS AND RECOMMENDATIONS TO SET ASIDE DEFAULTS AND DENY MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE** <br><br> (Doc. Nos. 13, 14, 15, 16, 17) |

Currently pending before the Court are two motions to set aside default filed by Defendants Jamie Gibson and Kathy Gibson. (Doc. No. 13). Plaintiff Freshko Produce Services, Inc. ("Plaintiff") has filed an opposition to the motions and has also separately filed a motion for default judgment against Defendants Jamie Gibson, Kathy Gibson, HLN CA, Inc., and ILA Products, Inc. ("Defendants") for the sum certain of $181,674.72. (Doc. Nos. 15, 23.) The motions were referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 and are deemed submitted pursuant to Local Rule 230(g). Having reviewed the parties' filings, and for the reasons stated below, the Court recommends that Defendants' request to set aside the Clerk's entry of default be granted and Plaintiff's motion for default judgment be denied without prejudice.

**I. Procedural Background**

On January 4, 2019, Plaintiff filed a complaint seeking damages, declaratory relief, and attorneys' fees and costs against Defendants ILA Products, Inc., HFN CA, Inc., Jamie Gibson, and Kathy Gibson pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, and related claims. (Doc. No. 1.) Plaintiff filed proofs of service stating that the summons and complaint were served personally on Defendant Jamie Gibson on January 29, 2019, and by substituted service on Defendant Kathy Gibson on the same date. (Doc. Nos. 5, 6.) Defendants did not answer the complaint, and the Clerk of the Court entered default against them on February 21, 2019. (Doc. No. 13).

On February 28, 2019, Defendant Jamie Gibson, appearing *pro se*, filed an answer to the complaint. (Doc. No. 14.) On March 1, 2019, Defendant Kathy Gibson, appearing *pro se*, filed an answer to the complaint. (Doc. No. 16.) Plaintiff also filed a motion for default judgment on March 1, 2019, seeking entry of judgment against all Defendants in the amount of $181,674.72. (Doc. No. 15.) On March 4, 2019, the Court issued an order construing Defendants Jamie Gibson and Kathy Gibson's answers as motions to set aside the Clerk's entry of default against them. (Doc. No. 17.) The Court directed Defendants Jamie Gibson and Kathy Gibson to file supplemental briefing by March 29, 2019, addressing whether good cause exists to set aside the Clerk's entry of default, and further directed Plaintiff to file a response to the motions to set aside the Clerk's entry of default by April 12, 2019. (*Id.*)

On March 7, 2019, Defendant Jamie Gibson filed a supplemental brief stating that he was not served personally, did not receive the summons until February 6, 2019, and filed an answer within sixteen business days of February 6, 2019, which he believed was timely. (Doc. No. 20.) Defendant Kathy Gibson filed a supplemental brief on March 11, 2019, likewise stating that she was not personally served and instead her husband, Defendant Jamie Gibson, received her copy of the summons on February 6, 2019, and he did not notify her until February 28, 2019, that an answer needed to be filed. (Doc. Nos. 21, 22.)

On April 2, 2019, Plaintiff filed an opposition arguing that Defendants had not shown good cause for failing to timely answer the complaint, particularly as their responses were unsworn and contradicted Plaintiffs' proofs of service. (Doc. No. 23.) On April 12, 2019, Defendants Kathy Gibson and Jamie

Gibson filed additional supplemental briefs responding to Plaintiff's opposition. (Doc. Nos. 24, 25.)[1] Defendant Jamie Gibson reiterated that he was not personally served with the summons and complaint and Plaintiff instead served Defendant HFN CA, Inc.'s accounting offices. (Doc. No. 25.) Defendant Kathy Gibson stated that she was not personally served, did not authorize Jamie Gibson to accept any legal papers on her behalf, and did not learn of the action until February 28, 2019. (Doc. No. 24.) She further explained that she has never conducted business with the Plaintiff, has no knowledge of the claims against the remaining Defendants, and had difficulty understanding Plaintiff's opposition because she only has a high school degree. (*Id.*)

## II. Motions to Set Aside Default

### A. Legal Standard

The Federal Rules of Civil Procedure govern the entry of default. Once default has been entered, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether good cause exists, the court may consider "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). The standard for good cause, "which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.*

Conversely, when the moving party seeks timely relief from default "and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986). Moreover, the Ninth Circuit has opined "judgment by default is a drastic step

---

[1] Although the Court's March 4, 2019 order requiring supplemental briefing in support of the motions to set aside default did not contemplate a response to Plaintiff's opposition, as Defendants Jamie Gibson and Kathy Gibson are proceeding *pro se*, the Court has reviewed and considered their April 12, 2019 briefs out of an abundance of caution.

3

appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984).

### B. Discussion

#### 1. Culpable Conduct

With respect to the first factor, the Court concludes that Defendants have shown that they did not engage in culpable conduct. The Ninth Circuit has held that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) *overruled on other grounds, Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147–50 (2001) (emphasis in original). The concept of "intentionally" in this context refers to conduct that is willful, deliberate, or that evidences bad faith. *Id.* "Neglectful failure to answer as to which the defendant offers a credible good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional'... and is therefore not *necessarily*— although it certainly may be, once the equitable factors are considered—culpable or inexcusable." *Id.* at 697-98 (emphasis in original).

Defendant Jamie Gibson asserts that he was not served personally and did not receive the summons until February 6, 2019. (Doc. No. 20.) He then incorrectly calculated the deadline for filing an answer as being sixteen business days from the date he received the summons and complaint, as opposed to within twenty-one calendar days of service pursuant to Rule 12 of the Federal Rules of Civil Procedure. (*Id.*)[2] Defendant Kathy Gibson, in turn, explains that she was not personally served and was instead served by substituted service on her husband, Defendant Jamie Gibson, who she believes was not authorized to accept service on her behalf. (Doc. Nos. 21, 22.) Defendants' failure to respond

---

[2] Defendant Jamie Gibson's April 12, 2019 response to Plaintiff's opposition additionally argues that service on Defendant ILA Products, Inc. was improper. (Doc. No. 24.) The issue of service on Defendant ILA Products, Inc. is not before the Court as ILA Products, Inc. has not moved to set aside the default entered against it. Defendant Jamie Gibson is further reminded that, although he has the right to appear on his own behalf in this action, he has no authority to represent any of the remaining Defendants, including ILA Products, Inc. *See Johns v. County of San Diego,* 114 F.3d 874, 876 (9th Cir. 1997) (non-attorney proceeding *pro se* may bring his own claims to court but has no authority to appear as an attorney for others).

therefore appears to be based upon mistake or inadvertent neglect.  There is no indication that either Defendant intentionally failed to answer or sought to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process.  Additionally, Defendants are proceeding *pro se* and appear to be unfamiliar with legal processes.  Specifically, Defendant Kathy Gibson has indicated that she only has a high school education and had difficulty understanding the legal authorities cited in Plaintiff's opposition to the motions.  *See TCI Group,* 244 F.3d at 698 (Courts "tend[] to consider the defaulting party's general familiarity with legal processes . . . as pertinent to the determination whether the party's conduct . . . was deliberate, willful or in bad faith.").  Based upon this information, it does not appear that the Defendants engaged in any conduct that was willful, deliberate or in bad faith and the Court consequently finds that Defendants' conduct does not meet the culpability standard.

### 2. Meritorious Defense

The Ninth Circuit has explained that the "meritorious defense" requirement "is not extraordinarily heavy.'" *Mesle*, 615 F.3d at 1094.  "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Id.*  The truthfulness of the factual allegation "is not to be determined by the court when it decides the motion to set aside the default.  Rather, that question 'would be the subject of the later litigation.'" *Mesle*, 615 F.3d at 1094 (quoting *TCI Group,* 244 F.3d at 700).

Defendant Jamie Gibson explains in his supplemental briefing that he did not personally guaranty any purchases made by Defendant HFN CA, Inc.  (Doc. No. 20.)  Defendant Kathy Gibson's briefing states that she has never communicated with Plaintiff, never had any organizational control over defendant HFN CA, Inc. nor acted on its behalf, did not receive benefits from HFN CA, Inc.'s operations during the period of the debt in question, and has never been an officer or owner of Defendant ILA Products, Inc.  (Doc. Nos. 21, 22.)  She further states in her response to Plaintiff's opposition that she has never conducted business with the Plaintiff and has no knowledge of the claims against the remaining Defendants.  (Doc. No. 25.)  Defendants Jamie Gibson and Kathy Gibson have also each filed answers, verified under penalty of perjury, denying many of the material factual allegations set forth in

Plaintiff's complaint. (Doc. Nos. 14, 16.) Thus, Defendants have satisfied their burden to show that they could mount a meritorious defense under the lenient standard set forth in *Mesle*.

### 3. Prejudice to Plaintiff

Finally, the Court must consider whether Plaintiff will suffer prejudice if the entry of default is set aside. *TCI Group*, 244 F.3d at 696. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *Id.* at 701 (quoting *Falk*, 739 F.2d at 463). "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *Id.*

Here, there is no indication that Plaintiff will be prejudiced if the default is set aside. The Court therefore finds that the above factors weigh in favor of setting of setting aside the Clerk's entry of default as to both defendants. There is a general presumption to try cases on their merits, and the instant case does not warrant a departure from this presumption. *See In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991). Accordingly, the Court will recommend that the motions to set aside entry of default be granted.

## III. Plaintiff's Motion for Default Judgment

Plaintiff has also separately moved for entry of default judgment against all Defendants, including Jamie Gibson and Kathy Gibson, for the sum certain of $181,674.72. (Doc. No. 15.) However, the "entry of default by the clerk is a prerequisite to an entry of default judgment." *Vongrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D. Cal. 2004). Moreover, entry of a final judgment as to fewer than all claims or parties is only proper where there is no just reason for delay. Fed. R. Civ. P. 54; *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 627-628 (9th Cir. 2015). Based on the recommendation to set aside the entry of default as to Defendants Jamie Gibson and Kathy Gibson, it is therefore further recommended that Plaintiff's motion for default judgment be denied without prejudice.

## IV. Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED as follows:

1. Defendant Jamie Gibson and Kathy Gibson's motions to set aside the Clerk's entry of default (Doc. Nos. 14, 16) be granted;

2. The Clerk be directed to set aside default as to Defendants Jamie Gibson and Kathy Gibson (Doc. No. 13); and

3. Plaintiff's motion for default judgment (Doc. No. 15) be denied without prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 19, 2019**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE