| | |
|---|---|
| FRESHKO PRODUCE SERVICES, INC., | No. 1:19-cv-00017-DAD-BAM |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING THE PARTIES' PROPOSED STIPULATIONS |
| ILA PRODUCTS, INC., et al., | |
| Defendants. | (Doc. Nos. 13, 14, 15, 16, 17, 26, 28, 29) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Freshko Produce Services, Inc. filed this action on January 4, 2019, against defendants ILA Products, Inc. ("ILA"); HFN CA, Inc. ("HFN"); Jamie Gibson; and Kathy Gibson pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, and related claims. (Doc. No. 1.) Defendants failed to timely respond to the complaint and the Clerk of the Court therefore entered default against them on February 21, 2019. (Doc. No. 13).

On February 28, 2019, defendant Jamie Gibson, appearing pro se, filed an answer to plaintiff's complaint. (Doc. No. 14.) On March 1, 2019, defendant Kathy Gibson, appearing pro se, also filed an answer to the complaint. (Doc. No. 16.) On that same date plaintiff filed a motion for the entry of default judgment against all defendants in the amount of $181,674.72. (Doc. No. 15.) On March 4, 2019, the court issued an order construing defendants Jamie Gibson and Kathy Gibson's answers as motions to set aside the Clerk's entry of default against them and

1

requiring the parties to file supplemental briefing. (Doc. No. 17.) On April 22, 2019, the assigned magistrate judge issued findings and recommendations recommending that defendants' motions to set aside default be granted and that plaintiff's motion for default judgment be denied without prejudice. (Doc. No. 26.) The parties were provided fourteen days in which to file objections to the findings and recommendations. (*Id.*) To date, no objections to the findings and recommendations have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), the court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

The court notes that the parties filed two stipulations with the court on June 5, 2019. (Doc. Nos. 28, 29.) The first stipulation seeks to enter judgment in favor of plaintiff and against all defendants pursuant to a settlement agreement. (Doc. Nos. 28, 28-1.) The second stipulation seeks to dismiss defendant Kathy Gibson without prejudice from this action and enter judgment against all other defendants. (Doc. No. 29.) The stipulations are signed by plaintiff and defendants Jamie Gibson and Kathy Gibson. However, defendants Jamie Gibson and Kathy Gibson stated in their motions to set aside default that (1) neither of them have ever been an owner, officer, director or shareholder of ILA, and (2) HFN and ILA are separate business entities. (Doc. Nos. 14 at ¶¶ 6,7; 16 at ¶ 8.) Moreover, defendant Jamie Gibson's reply brief notes that ILA has not had an agent of service since October 2018. (Doc. No. 25 at 2.) Thus, it appears that no appearance in this action has been entered by defendant ILA to date. As such, the parties cannot stipulate to entry of judgment against defendant ILA pursuant to a settlement reached between plaintiff and the other remaining defendants. However, if they still wish to do so, the parties may stipulate to the dismissal of defendant Kathy Gibson from this action without entry of judgment in favor of plaintiff against all other defendants.

Accordingly:

1. The findings and recommendations issued on April 22, 2019 (Doc. No. 26) are adopted in full;

/////

2. Defendants Jamie Gibson and Kathy Gibson's motions to set aside the Clerk of the Court's entry of default against them (Doc. Nos. 14, 16) are granted;
3. The Clerk of the Court is directed to set aside default as to defendants Jamie Gibson and Kathy Gibson (Doc. No. 13);
4. Plaintiff's motion for entry of default judgment (Doc. No. 15) is denied without prejudice; and
5. The parties' proposed stipulations (Doc. Nos. 28, 29) are denied.

IT IS SO ORDERED.

Dated: **February 22, 2020**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE