# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

FRESHKO PRODUCE SERVICES, INC., )  Case No.: 1:19-cv-00017-DAD-BAM
                                 )
        Plaintiff,            )  **ORDER DENYING PLAINTIFF'S**
                                 )  **APPLICATION TO SERVE DEFENDANT ILA**
    v.                     )  **PRODUCTS, INC. THROUGH THE**
                                 )  **CALIFORNIA SECRETARY OF STATE**
ILA PRODUCTS, INC., et al.,      )  **WITHOUT PREJUDICE**
                                 )
        Defendants.           )  (Doc. No. 41)
                                 )
                                 )
_____  )

       Currently before the Court is Plaintiff Freshko Produce Services, Inc.'s ("Plaintiff") *ex parte* application for an order allowing it to serve Defendant ILA Products, Inc. ("ILA") by serving the California Secretary of State.  (Doc. No. 41.)  For the reasons discussed below, Plaintiff's request shall be DENIED without prejudice.

## I.    BACKGROUND

       On January 4, 2019, Plaintiff filed a complaint seeking damages, declaratory relief, attorneys' fees and costs pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, and related claims.  (Doc. No. 1.)  The Complaint named ILA, HFN CA, Inc., Jamie Gibson, and Kathy Gibson (collectively "Defendants") as defendants.  (*Id.*)  On February 1, 2019, Plaintiff filed proofs of service of the summons and complaint on Defendants.  (Doc. Nos. 5-8.)  The proof of service pertaining to ILA stated that the summons and complaint had been personally served on Defendant Jamie Gibson, ILA's agent for service of process, on January 29, 2019, at 550 W. Cienega Ave, #C, San Dimas, CA 91773.  (Doc. No. 8.)

       On February 20, 2019, Plaintiff requested entry of default against Defendants.  (Doc. Nos. 9-12.)  The Clerk of Court entered default against Defendants on February 21, 2019.  (Doc. No. 13.)  On

February 28, 2019, and March 1, 2019, Defendants Jamie Gibson and Kathy Gibson, each appearing *pro se*, filed answers to the complaint, which the Court construed as motions to set aside the Clerk's entry of default against them.  (Doc. Nos. 14, 16-17.)  On March 1, 2019, Plaintiff also filed a motion for default judgment against Defendants.  (Doc. No. 15.)  On April 22, 2019, after the parties had an opportunity to brief Defendant Jamie Gibson and Kathy Gibson's motions to set aside default, the Court issued findings and recommendations to set aside the defaults entered against Defendants Jamie Gibson and Kathy Gibson and to deny Plaintiff's motion for default judgment without prejudice. (Doc. No. 26.)

Following the Court's April 22, 2019 findings and recommendations, Plaintiff filed a Stipulation for Entry of Judgment and a Stipulation to Dismiss Defendant Kathy Gibson Without Prejudice.  (Doc. Nos. 28, 29.)  The stipulations were signed by Plaintiff, Defendant Jamie Gibson on his own behalf, and Jamie Gibson on behalf of Defendant HFN CA, Inc. but were not signed by ILA. (*Id.*)  Counsel for Plaintiff submitted a declaration in support of the Stipulation for Entry of Judgment stating that these documents were not signed by any representative of ILA because, although a Statement of Information filed with the California Secretary of State identified Defendant Jamie Gibson as an officer and director of ILA, Mr. Gibson advised counsel for Plaintiff that the Statement of Information was executed and filed without his knowledge or permission and he had subsequently submitted documents to the California Secretary of State resigning as ILA's agent.  (Doc. No. 28-1.)

On February 24, 2020, District Judge Dale A. Drozd issued an order adopting the Court's April 22, 2019 findings and recommendations and denying the parties' proposed stipulations.  (Doc. No. 40.)  Judge Drozd's February 24, 2020 order noted that ILA had not appeared in this action and the parties could not stipulate to entry of judgment against it pursuant to a settlement agreement reached between Plaintiff and the other remaining Defendants.  (*Id.*)  On February 25, 2020, Plaintiff filed the instant *ex parte* request to serve ILA through the California Secretary of State.  (Doc. No. 41.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 4 allows for service of a corporation in the manner prescribed by Rule 4(e)(1) for serving an individual.  Fed. R. Civ. P. 4(h)(1)(A).  Rule 4(e)(1) allows for service by "following state law for serving summons in an action brought in courts of general jurisdiction in

2

the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Pursuant to California law, a court may order, under certain circumstances, that service be made on a corporation by hand-delivery of process and an order authorizing such service to the Secretary of State. Cal. Corp. Code § 1702. Section 1702(a) provides:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code 1702(a).

Based on California Corporations Code § 1702(a), Plaintiff must demonstrate by affidavit the inability with reasonable diligence to effect service on the designated agent in the matter provided in California Code of Civil Procedure section 415.10, 415.20(a) or 415.30(a) or on the corporation in the manner provided in section 416.10 or 416.20(a).[1] In determining whether a plaintiff has exercised "reasonable diligence," the Court examines the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal.App.3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or

---

[1]   Section 416.10 of the California Code of Civil Procedure governs service on corporations that have not been dissolved or forfeited their charter or right to do business. *See* Cal. Code Civ. Proc. § 416.20 (governing service of corporations who have been dissolved or forfeited their charter or right to do business). Under section 416.10, a corporation can be validly served through: 1) a designated agent for service of process; 2) enumerated officers or a person authorized to receive service; 3) a cashier or assistant of a banking corporation; or 4) where the party attempting service cannot with reasonable diligence serve an individual in any other category, the Secretary of State as provided by California Corporations Code sections 1701, 1702, 2110, or 2111. Cal. Code Civ. Proc. § 416.10. A designated agent, enumerated officer, or other person authorized to receive service on behalf of the corporation may be served by personal delivery, by delivery to someone else at the party's usual residence or place of business with subsequent mailing (known as "substitute service"), or by mail with acknowledgment of receipt. Cal. Code Civ. Proc. §§ 415.10, 415.20, 415.30(a).

1   attorney." *Kott v. Super. Ct.*, 45 Cal.App.4th 1126, 1137 (1996).

2   **III.     DISCUSSION**

3          In support of the application, Plaintiff's counsel, Kurt Vote, filed a declaration stating that

4   Plaintiff originally served ILA via Defendant Jamie Gibson because he was listed as the agent for

5   service of process on ILA's Statement of Information filed with the California Secretary of State on

6   July 16, 2018.  (Doc. No. 41-1.)  A copy of the Statement of Information is attached to Mr. Vote's

7   declaration and identifies Jamie Gibson as the Chief Executive Officer, Secretary, Chief Financial

8   Officer, Director, and Agent for Service of Process.  (*Id.* at Ex. A.)  ILA's address is listed as 550 W.

9   Cienega Ave #C, San Dimas, CA 91773. (*Id.*)  The Statement of Information contains a certification

10  on behalf of the corporation that the information contained therein is true and correct.  (*Id.*)

11  Additionally, the Statement of Information states that it was completed by Ron De Silva, whose title is

12  identified as "Officer".  (*Id.*)

13         According to Mr. Vote's declaration, the California Secretary of State's website indicates that

14  ILA's agent for service resigned on October 5, 2018.  (Doc. No. 41-1.)  A copy of the Business Entity

15  Detail for ILA products from the California Secretary of State's website is attached to Mr. Vote's

16  declaration.  (*Id.* at Ex. B.)  The Business Entity Detail states that the corporation has been suspended

17  by the Franchise Tax Board and ILA's agent for service of process is identified as "RESIGNED ON

18  10/05/2018."  (*Id.* at Ex. B.)  ILA's  physical address is again identified as 550 W. Cienega Ave #C,

19  San Dimas, CA 91773.  (*Id.*; Doc. No. 8.)  According to Mr. Vote's declaration, this is Defendant

20  Jamie Gibson's business address. (Doc. No. 41-1.)  Mr. Vote states that Defendant Jamie Gibson

21  claims not to have been an officer or director of ILA.  (Doc. No. 41-1.)

22         On February 24, 2020, Mr. Vote had a search performed on Lexis Advance Public Records to

23  attempt to confirm ILA's business address. (Doc. No. 41-1.)  The public records search attached to

24  Mr. Vote's declaration identifies 550 W. Cienega Ave #C, San Dimas, CA 91773 as an address for

25  "ILA PRODUCTS".  (*Id.* at Ex. C.)  Mr. Vote's declaration states that the public records search shows

26  that ILA ceased doing business at this address on November 30, 2019.  (Doc. No. 41-1.)  The public

27  records search also identifies 1258 N San Dimas Canyon Rd., San Dimas, CA 91773, and 1173 N

28  Dixie Dr. Suite 201, San Dimas, CA 91773 as addresses for "ILA PRODUCTS."  (*Id.* at Ex. C.)

Plaintiff does not state that ILA is dissolved or has forfeited its charter or right to do business and instead only indicate that ILA is suspended.  Therefore, to be granted permission serve ILA through the California Secretary of State, Plaintiff must first show that an agent receiving process has resigned and has not been replaced, the designated agent to receive process cannot be found with reasonable diligence, or no agent to receive service has been designated.  Cal. Code Civ. Proc. § 1702; *City of Rialto v. United States Dep't of Def.*, 2004 WL 7333702, at *5 (C.D. Cal. Oct. 22, 2004).  The Court is satisfied that this showing has been made.

However, Plaintiff must also show, by affidavit or declaration made under penalty of perjury, that process cannot be served by personal service pursuant to California Code of Civil Procedure Section 415.10, by substituted service pursuant to California Code of Civil Procedure Section 415.20 subdivision (a), by mail service pursuant to California Code of Civil Procedure Section 415.30 subdivision (a), or by serving the corporation's president, other head of the corporation, vice president, secretary, assistant secretary, treasurer, assistant treasurer, controller, chief financial officer, general manager, other person authorized by the corporation to receive service of process pursuant to California Code of Civil Procedure 416.10(b).  Cal. Corp Code § 1702; *City of Rialto*, 2004 WL 7333702, at *5 (C.D. Cal. Oct. 22, 2004).

Here, the Statement of Information dated July 17, 2018, attached to Mr. Vote's declaration identifies Jamie Gibson and Ron De Silva as officers of the corporation.  Plaintiff's application does not address whether service on Jamie Gibson satisfied the requirements for service on a corporation by delivering the summons and complaint to an officer pursuant to California Code of Civil Procedure Section 416.10 subdivision (b).  The Statement of Information also appears to identify Ron De Silva as an officer, but Plaintiff's application does not describe any efforts to locate or serve Mr. De Silva.  Plaintiff's application also does not describe what efforts, if any, Plaintiff has made to identify the officers of ILA, particularly in light of Mr. Gibson's representations to counsel for Plaintiff that he is not an officer or agent of ILA and the July 16, 2018 Statement of Information was filed without his knowledge or permission.  *See Viewtech, Inc. v. Skytech USA, Inc.,* 2007 WL 1429903, at *1 (S.D. Cal. May 14, 2007) ("An affidavit failing to demonstrate that a diligent search for officers as well as agents was performed is inadequate."); *see also Bd. of Trustees of Laborers Health & Welfare Tr.*

5

*Fund for N. California v. Bowdry & Bowdry Janitorial LLC*, 2018 WL 3093377, at *2 (N.D. Cal. June 22, 2018) (denying application to serve corporation through the California Secretary of State where the affidavit submitted by plaintiffs did not show a "diligent[]" search for officers).

Additionally, ILA's address is listed on the Statement of Information as 550 W. Cienega Ave #C, San Dimas, CA 91773, which Mr. Vote represents is Mr. Gibson's business address.  Mr. Vote's declaration states that he had a public records search performed which identified 1258 N. San Dimas Canyon Rd., San Dimas, CA 91773, and 1173 N Dixie Dr. Suite 201, San Dimas, CA 91773 as additional possible addresses for ILA.  (Doc. No. 41-1 at Ex. C.) The proof of service filed by Plaintiff indicates that the process server attempted to serve ILA at 1258 N. San Dimas Canyon Rd. and a business called "Boss Janitorial Services" was located at the address.  (Doc. No. 8.)  The process server was informed that ILA had moved in May 2018 and Boss Janitorial Services was not affiliated with Defendants.  (*Id.*)  However, the proof of service does not indicate any attempt was made to serve ILA at 1173 N Dixie Dr. Suite 201.  Plaintiff's application likewise does not address whether it has made attempts to serve ILA at this address, whether those attempts were unsuccessful, or why no attempts were made.  Plaintiff's application also does not indicate whether it has attempted to find a different address for ILA using any other search method in light of Mr. Gibson's statements to counsel for Plaintiff regarding his lack of involvement with ILA.

Although Plaintiff has made some good faith attempts to serve ILA's designated agent, the Court finds that in these circumstances Plaintiff has failed to establish that process cannot be served with reasonable diligence pursuant to California Code of Civil Procedure Section 1702.  Accordingly, Plaintiff's application will be denied without prejudice.

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's application to serve ILA through the California Secretary of State is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   __April 28, 2020__          ___/s/ *Barbara A. McAuliffe*___
                                          UNITED STATES MAGISTRATE JUDGE

6