
**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRESHKO PRODUCE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ILA PRODUCTS, INC., et al., <br><br> Defendants. | Case No.: 1:19-cv-00017-DAD-BAM <br><br> **ORDER GRANTING PLAINTIFF'S APPLICATION TO SERVE DEFENDANT ILA PRODUCTS, INC. THROUGH THE CALIFORNIA SECRETARY OF STATE** <br><br> (Doc. No. 52) |

Currently before the Court is Plaintiff Freshko Produce Services, Inc.'s ("Plaintiff") *ex parte* application for an order allowing it to serve Defendant ILA Products, Inc. ("ILA") by serving the California Secretary of State. (Doc. No. 52.)  For the reasons discussed below, Plaintiff's request shall be GRANTED.

**I.    BACKGROUND**

On January 4, 2019, Plaintiff filed a complaint seeking damages, declaratory relief, attorneys' fees and costs pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, and related claims.  (Doc. No. 1.)  The Complaint named ILA, HFN CA, Inc., Jamie Gibson, and Kathy Gibson (collectively "Defendants") as defendants.  (*Id.*)  On February 1, 2019, Plaintiff filed proofs of service of the summons and complaint on Defendants.  (Doc. Nos. 5-8.)  The proof of service pertaining to ILA stated that the summons and complaint had been personally served on Defendant Jamie Gibson, ILA's agent for service of process, on January 29, 2019, at 550 W. Cienega Ave, #C, San Dimas, CA 91773.  (Doc. No. 8.)

On February 20, 2019, Plaintiff requested entry of default against Defendants. (Doc. Nos. 9-12.) The Clerk of Court entered default against Defendants on February 21, 2019. (Doc. No. 13.) On February 28, 2019, and March 1, 2019, Defendants Jamie Gibson and Kathy Gibson, each appearing *pro se*, filed answers to the complaint, which the Court construed as motions to set aside the Clerk's entry of default against them. (Doc. Nos. 14, 16-17.) On March 1, 2019, Plaintiff also filed a motion for default judgment against Defendants. (Doc. No. 15.) On April 22, 2019, after the parties had an opportunity to brief Defendant Jamie Gibson and Kathy Gibson's motions to set aside default, the Court issued findings and recommendations to set aside the defaults entered against Defendants Jamie Gibson and Kathy Gibson and to deny Plaintiff's motion for default judgment without prejudice. (Doc. No. 26.)

Following the Court's April 22, 2019 findings and recommendations, Plaintiff filed a Stipulation for Entry of Judgment and a Stipulation to Dismiss Defendant Kathy Gibson Without Prejudice. (Doc. Nos. 28, 29.) The stipulations were signed by Plaintiff, Defendant Jamie Gibson on his own behalf, and Jamie Gibson on behalf of Defendant HFN CA, Inc. but were not signed by ILA. (*Id.*) Counsel for Plaintiff submitted a declaration in support of the Stipulation for Entry of Judgment stating that these documents were not signed by any representative of ILA because, although a Statement of Information filed with the California Secretary of State identified Defendant Jamie Gibson as an officer and director of ILA, Mr. Gibson advised counsel for Plaintiff that the Statement of Information was executed and filed without his knowledge or permission and he had subsequently submitted documents to the California Secretary of State resigning as ILA's agent. (Doc. No. 28-1.)

On February 24, 2020, District Judge Dale A. Drozd issued an order adopting the Court's April 22, 2019 findings and recommendations and denying the parties' proposed stipulations. (Doc. No. 40.) Judge Drozd's February 24, 2020 order noted that ILA had not appeared in this action and the parties could not stipulate to entry of judgment against it pursuant to a settlement agreement reached between Plaintiff and the other remaining Defendants. (*Id.*)

A.   **First Application to Serve ILA Through the California Secretary of State**

On February 25, 2020, Plaintiff filed its first *ex parte* application to serve ILA through the California Secretary of State. (Doc. No. 41.) In support of the application, Plaintiff's counsel, Kurt

2

1  Vote, filed a declaration stating that Plaintiff originally served ILA via Defendant Jamie Gibson
2  because he was listed as the agent for service of process on ILA's Statement of Information filed with
3  the California Secretary of State on July 16, 2018.  (Doc. No. 41-1.)  A copy of the Statement of
4  Information was attached to Mr. Vote's declaration and identified Jamie Gibson as the Chief
5  Executive Officer, Secretary, Chief Financial Officer, Director, and Agent for Service of Process.  (*Id.*
6  at Ex. A.) The Statement of Information listed ILA's address as 550 W. Cienega Ave #C, San Dimas,
7  CA 91773 and contained a certification on behalf of the corporation that the information contained
8  therein is true and correct.  (*Id.*)  Additionally, the Statement of Information stated that it was
9  completed by Ron De Silva, whose title was identified as "Officer".  (*Id.*)

10  According to Mr. Vote's declaration in support of Plaintiff's first application, the California
11  Secretary of State's website indicated that ILA's agent for service resigned on October 5, 2018.  (Doc.
12  No. 41-1.)  A copy of the Business Entity Detail for ILA products from the California Secretary of
13  State's website was attached to Mr. Vote's declaration.  (*Id.* at Ex. B.)  The Business Entity Detail
14  stated that ILA had been suspended by the Franchise Tax Board and ILA's agent for service of process
15  was identified as "RESIGNED ON 10/05/2018."  (*Id.* at Ex. B.)  ILA's physical address was again
16  identified as 550 W. Cienega Ave #C, San Dimas, CA 91773.  (*Id.*; Doc. No. 8.)  According to Mr.
17  Vote's declaration, this is Defendant Jamie Gibson's business address. (Doc. No. 41-1.)  Mr. Vote
18  stated in his declaration that Defendant Jamie Gibson claims not to have been an officer or director of
19  ILA.  (Doc. No. 41-1.)

20  On February 24, 2020, Mr. Vote had a search performed on Lexis Advance Public Records to
21  attempt to confirm ILA's business address. (Doc. No. 41-1.)  The public records search attached to
22  Mr. Vote's declaration identified 550 W. Cienega Ave #C, San Dimas, CA 91773 as an address for
23  "ILA PRODUCTS".  (*Id.* at Ex. C.)  Mr. Vote's declaration stated that the public records search
24  showed that ILA ceased doing business at this address on November 30, 2019.  (Doc. No. 41-1.)  The
25  public records search also identified 1258 N San Dimas Canyon Rd., San Dimas, CA 91773, and 1173
26  N Dixie Dr. Suite 201, San Dimas, CA 91773 as addresses for "ILA PRODUCTS."  (*Id.* at Ex. C.)

27  On May 7, 2020, the Court issued an order denying Plaintiff's application without prejudice
28  because the application did not describe any efforts to locate or serve Mr. De Silva or to serve ILA at

3

1  the 1173 N Dixie Dr. Suite 201 address. (Doc. No. 45.) Additionally, the application did not describe
2  what efforts, if any, Plaintiff made to identify the officers of ILA or to find a different address for ILA
3  using other search methods in light of Mr. Gibson's representations to counsel for Plaintiff that he is
4  not an officer or agent of ILA and the July 16, 2018 Statement of Information was filed without his
5  knowledge or permission. (*Id.*)

### B. Second Application to Serve ILA Through the California Secretary of State

Plaintiff filed a proof of service on June 1, 2020, stating that ILA had been served at 375 Redondo Ave #493, Long Beach, CA 90814, on May 13, 2020, by leaving copies of the summons and complaint with Ana Rico, Manager at the Postal Mailbox Store, who was designated by law to accept service of process on behalf of ILA. (Doc. No. 50.) On June 4, 2020, Plaintiff again requested entry of default against ILA. (Doc. No. 50.) The Clerk of Court entered default against ILA on June 4, 2020. (Doc. No. 41.) Plaintiff filed the instant application on June 15, 2020, again seeking to serve ILA through the California Secretary of State. (Doc. No. 52.)

Mr. Vote has provided a declaration in support of Plaintiff's second application describing the efforts taken to serve Mr. DeSilva and ILA following the Court's denial of Plaintiff's initial application. (Doc. No. 52-1.) According to Mr. Vote's declaration, he has identified four (4) potential business addresses for ILA through a Lexis Advance Public Records Search: (1) 375 Redondo Ave., Suite 493, Long Beach, CA 90814; (2) 550 W. Cienega Ave., Suite C, San Dimas, CA 91773; (3) 1173 N. Dixie Drive, Suite 201, San Dimas, CA 91773; and (4) 1258 N. San Dimas Canyon Road, San Dimas, CA 91773. (*Id.* at 2.) Plaintiff has attempted service at each address and Mr. Vote attaches Affidavits of Due Diligence and Non Service Reports to his declaration describing the efforts made to serve ILA at these addresses. (*Id.* at Ex. D.) According to the affidavits, service was attempted at 1173 N. Dixie Drive, Suite 201, San Dimas, CA on May 13, 2020, and another business, Siding Door Corporation, was located at the address. (*Id.*) Likewise, a business called Boss Janitorial Services was located at the 1258 N. San Dimas Canyon Road, San Dimas, CA address. (*Id.*) Although a Google search of the 375 Redondo Avenue, Suite 493, Long Beach, CA address showed that it was a Postal Mailbox Store, Plaintiff attempted service at this address on May 13, 2020, and the manager, Ms. Rico, accepted service on ILA's behalf. (*Id.* at Ex. N.) Mr. Vote had additional internet searches

performed on May 12, 2020, using Cortera Business Directory, Corporation Wiki, and OpenCorporates, but did not locate any additional addresses for ILA. (*Id.* at Exhs. K-M.)

Mr. Vote further declares that he had a Lexis Advance Public Records search performed on April 29, 2020, in an attempt to locate an address for Ron De Silva, who was identified as an officer on ILA's Statement of Information. (Doc. No. 52-1.) According to this search, Mr. De Silva also goes by the name Niranjan De Silva and his current address is 1116 N. Palm Street, Visalia, CA 93292. (*Id.* at Ex. E.) Plaintiff made three attempts to serve Mr. De Silva at this address on April 30, 2020, May 2, 2020, and May 5, 2020, but there was no response. (*Id.* at Ex. F.)

Mr. Vote's declaration states that he had an additional Lexis Advance Public Records search performed on May 7, 2020, which indicated that Mr. DeSilva has a California Real Estate License. (Doc. No. 52-1 at Ex. G.) A search of the California Department of Real Estate website stated that Mr. De Silva's mailing address is 375 Redondo Ave., #493, Long Beach, CA 90814, and his responsible broker as All California Brokerage, Inc., located at 11060 Artesia Blvd., Suite G, Cerritos, CA 90703. (*Id.* at Ex. H.) All California Brokerage, Inc.'s website additionally showed Mr. De Silva as a current agent. (*Id.* at Ex. I.) However, on May 7, 2020, Plaintiff attempted service at All California Brokerage, Inc. and the process server was advised that Mr. De Silva had left the company three years ago and now lives and works in Long Beach, California. (*Id.* at Ex J.) On May 14, 2020, the day after Plaintiff served Ana Rico, manager of the Postal Mailbox Store at 375 Redondo Ave., #493, Long Beach, CA, with the summons and complaint, Mr. De Silva contacted Mr. Vote by telephone. (*Id.* at 4.) Mr. De Silva claimed that he was not involved with ILA and Mr. Gibson had listed him as an officer on the Secretary of State forms. (*Id.*)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4 allows for service of a corporation in the manner prescribed by Rule 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) allows for service by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Pursuant to California law, a court may order, under certain circumstances, that service be made on a corporation by hand-delivery of process and an order authorizing such service to the

5

Secretary of State.  Cal. Corp. Code § 1702.  Section 1702(a) provides:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code 1702(a).

Based on California Corporations Code § 1702(a), Plaintiff must demonstrate by affidavit the inability with reasonable diligence to effect service on the designated agent in the manner provided in California Code of Civil Procedure section 415.10, 415.20(a) or 415.30(a) or on the corporation in the manner provided in section 416.10 or 416.20(a).[1]  In determining whether a plaintiff has exercised "reasonable diligence," the Court examines the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal.App.3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Super. Ct.*, 45 Cal.App.4th 1126, 1137 (1996).

### III.   DISCUSSION

Plaintiff presents evidence that ILA is a suspended corporation.  Therefore, to be granted permission serve ILA through the California Secretary of State, Plaintiff must first show that an agent

---

[1]   Section 416.10 of the California Code of Civil Procedure governs service on corporations that have not been dissolved or forfeited their charter or right to do business.  *See* Cal. Code Civ. Proc. § 416.20 (governing service of corporations who have been dissolved or forfeited their charter or right to do business). Under section 416.10, a corporation can be validly served through: 1) a designated agent for service of process; 2) enumerated officers or a person authorized to receive service; 3) a cashier or assistant of a banking corporation; or 4) where the party attempting service cannot with reasonable diligence serve an individual in any other category, the Secretary of State as provided by California Corporations Code sections 1701, 1702, 2110, or 2111.  Cal. Code Civ. Proc. § 416.10.  A designated agent, enumerated officer, or other person authorized to receive service on behalf of the corporation may be served by personal delivery, by delivery to someone else at the party's usual residence or place of business with subsequent mailing (known as "substitute service"), or by mail with acknowledgement of receipt.  Cal. Code Civ. Proc. §§ 415.10, 415.20, 415.30(a).

receiving process has resigned and has not been replaced, the designated agent to receive process cannot be found with reasonable diligence, or no agent to receive service has been designated. Cal. Code Civ. Proc. § 1702; *City of Rialto v. United States Dep't of Def.*, 2004 WL 7333702, at *5 (C.D. Cal. Oct. 22, 2004). Plaintiff must also show that process cannot be served with reasonable diligence upon the designated agent by personal service, substituted service, or mail service and cannot be made upon the corporation by serving an officer or other person authorized by the corporation to receive service of process. *City of Rialto,* 2004 WL 7333702, at *5 (citing Cal Code Civ. Proc. § 416.10; Cal. Corp. Code § 1702). The Court is satisfied that this showing has been made.

According to the Business Entity Detail for ILA products from the California Secretary of State's website, ILA's registered agent, Jamie Gibson, resigned on October 5, 2018, and no replacement was identified. Plaintiff attempted to personally serve Mr. Gibson on behalf of ILA at 550 W. Cienega Ave, #C, San Dimas, CA 91773, ILA's business address listed on its Statement of Information, but Mr. Gibson claims to not be involved with ILA. Plaintiff subsequently took reasonable steps to attempt to locate ILA's business address and to serve one of its officers or agents. The buildings at all other addresses Plaintiff was able to identify bore the names of other business, not ILA. Additionally, Messrs. Gibson and De Silva, the only officers for ILA that Plaintiff was able to identify, both claim to not be involved with ILA. It therefore appears that ILA, a suspended corporation, is no longer an ongoing business concern and that attempting service on the corporation itself may not be possible. The steps Plaintiff took to serve ILA are consistent with those steps a reasonable person who truly desired to give notice would have taken and reflect a thorough, systematic investigation and inquiry conducted in good faith. Accordingly, the Court finds that Plaintiff has satisfied the statutory requirements for authorization to serve a suspended corporation by delivering process to the California Secretary of State.

### IV.   CONCLUSION AND ORDER

In light of the circumstances presented here, Plaintiff's application to serve ILA through the California Secretary of State is GRANTED. Service must comply with California Corporations Code § 1702(a), which provides that service may be made by delivering a copy of the process for each defendant to be served, together with the order authorizing such service, by hand to the Secretary of

State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy. Cal. Corp. Code. § 1702(a).

IT IS SO ORDERED.

Dated: **July 21, 2020**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE