UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESHKO PRODUCE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ILA PRODUCTS, INC., et al., <br><br> Defendants. | Case No.: 1:19-cv-00017-DAD-BAM <br><br> **FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE** <br><br> **ORDER SETTING STATUS CONFERENCE** <br><br> (Doc. No. 60) |

Currently before the Court is Plaintiff Freshko Produce Services, Inc.'s ("Plaintiff") motion for default judgment against Defendant ILA Products, Inc ("ILA") and for stipulated judgment against Defendants HFN CA, Inc. ("HFN") and Jamie Gibson. Defendants ILA, HFN, Jamie Gibson, and Kathy Gibson (collectively "Defendants") have not filed an opposition or otherwise responded to the motion.

The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deems the matter suitable for decision without oral argument pursuant to Local Rule 230(g). Having considered the moving papers and the Court's file, the Court RECOMMENDS that Plaintiff's motion for default judgment be DENIED without prejudice.

I.      **BACKGROUND**

On January 4, 2019, Plaintiff filed a complaint seeking damages, declaratory relief, attorneys' fees, and costs pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, and related claims. (Doc. No. 1.) On February 1, 2019, Plaintiff filed proofs of service of the summons and complaint on Defendants. (Doc. Nos. 5-8.) On February 20, 2019, Plaintiff requested entry of default against Defendants. (Doc. Nos. 9-12.) The Clerk of Court entered default against Defendants

on February 21, 2019.  (Doc. No. 13.)

On February 28, 2019, and March 1, 2019, Defendants Jamie Gibson and Kathy Gibson, each appearing *pro se*, filed answers to the complaint, which the Court construed as motions to set aside the Clerk's entry of default against them. (Doc. Nos. 14, 16-17.)  On March 1, 2019, Plaintiff filed its first motion for default judgment against Defendants.  (Doc. No. 15.)  On April 22, 2019, after the parties had an opportunity to brief Defendant Jamie Gibson and Kathy Gibson's motions to set aside default, the Court issued findings and recommendations to set aside the defaults entered against Defendants Jamie Gibson and Kathy Gibson and to deny Plaintiff's motion for default judgment without prejudice. (Doc. No. 26.)

Following the Court's April 22, 2019 findings and recommendations, Plaintiff filed a Stipulation for Entry of Judgment and a Stipulation to Dismiss Defendant Kathy Gibson Without Prejudice.  (Doc. Nos. 28, 29.)  The stipulations were signed by Plaintiff, Jamie Gibson on his own behalf, and Jamie Gibson on behalf of HFN but were not signed by ILA. (*Id.*)  On February 24, 2020, District Judge Dale A. Drozd issued an order adopting the Court's April 22, 2019 findings and recommendations and denying the parties' proposed stipulations.  (Doc. No. 40.)  The order issued on February 24, 2020, noted that ILA had not appeared in this action and the parties could not stipulate to entry of judgment against it pursuant to a settlement agreement reached between Plaintiff and the other remaining Defendants.  (*Id.*) The parties were advised that, if they wished to do so, they could stipulate to dismissal of Kathy Gibson without entry of judgment against all other Defendants. (*Id.*) *See* Fed. R. Civ. P. 41.

On February 25, 2020, Plaintiff filed an *ex parte* application to serve ILA through the California Secretary of State.  (Doc. No. 41.)  The Court denied Plaintiff's application without prejudice on April 28, 2020. (Doc. No. 45.) On June 4, 2020, Plaintiff again requested entry of default against ILA. (Doc. No. 50.) The Clerk of Court entered default against ILA on June 4, 2020. (Doc. No. 41.) Plaintiff filed a second *ex parte* application on June 15, 2020, again seeking to serve ILA through the California Secretary of State. (Doc. No. 52.) The Court issued an order granting Plaintiff's application on July 21, 2020. (Doc. No. 53.) On July 31, 2020, Plaintiff filed a proof of service stating that ILA had been served through the California Secretary of State on July 24, 2020. (Doc. No. 54.)

1  On August 17, 2020, Plaintiff filed a third request for entry of default against ILA. (Doc. No. 57.) The
2  Clerk of Court again entered default against ILA on August 17, 2020. (Doc. No. 59.)

3  On August 19, 2020, Plaintiff filed the instant motion. (Doc. No. 60.) According to the motion,
4  Plaintiff seeks entry of default judgment against ILA as well as "Judgment by Stipulation against
5  Defendants HFN CA, INC.; and JAMIE GIBSON . . . pursuant to the Stipulation for Entry of
6  Judgment which was filed on June 5, 2019 as Dkt. 28." (Doc. No. 60.) In support of the motion,
7  Plaintiff submits a declaration of Kurt F. Vote, counsel for Plaintiff, which sets forth the procedural
8  history of the case as well as Mr. Vote's calculations of damages. (Doc. No. 60-1.)

9  **II.      DISCUSSION**

10  **A.      Legal Standards**

11  Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against
12  whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the
13  action. *See* Fed. R. Civ. P. 55(a). As a general rule, once default is entered, the factual allegations of
14  the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems,*
15  *Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted); *see also Geddes v. United*
16  *Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it
17  did not establish the extent of the damages). Although well-pleaded allegations in the complaint are
18  admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims
19  which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980
20  F.2d 1261, 1267 (9th Cir. 1992).

21  A party may request entry of default judgment against a defaulted party pursuant to Federal
22  Rule of Civil Procedure 55(b). However, "[a] defendant's default does not automatically entitle the
23  plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174
24  (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the
25  decision to grant or deny an application for default judgment lies within the district court's sound
26  discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has provided
27  seven factors for consideration by the district court in exercising its discretion to enter default
28  judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim;

(3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of favoring decision on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986).

Additionally, pursuant to Rule 54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.*"* Fed. R. Civ. P. 54(b). Granting default judgment as to only some claims or some defendants is generally disfavored "in the interest of sound judicial administration." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *see also Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) ("Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risk of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."). There is "a long-settled and prudential policy against the scattershot disposition of litigation," and "entry of judgment under [Rule 54(b) ] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." *Spiegel v. Trustees of Tufts College,* 843 F.2d 38, 42 (9th Cir.1988).

The Supreme Court has warned that "absurdity might follow" in instances where a court "can lawfully make a final decree against one defendant . . . while the cause was proceeding undetermined against the others." *Frow v. De La Vega,* 82 U.S. 552, 554 (1872). The Ninth Circuit has summarized the *Frow* standard as follows: "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Investment,* 253 F.3d 520, 532 (9th Cir.2001) (citing *Frow,* 82 U.S. at 554). "Supreme Court and Ninth Circuit precedent prohibit default judgment where a default judgment against one defendant could be inconsistent with a judgment on the merits in favor of other defendants." *York v. Am. Sav. Network, Inc.*, 2015 WL 6437809, at *2–3 (E.D. Cal. Oct. 21, 2015); *Helton v. Factor 5, Inc.,* 2013 WL 5111861, at *6 (N.D. Cal. Sept. 12, 2013) ("In the present case, there is a serious risk of inconsistent judgments. Plaintiffs have alleged

4

that Defendants all are jointly and severally liable for the 11 claims alleged in the First Amended Class Action Complaint").

### B. No Just Reason to Delay Entry of Judgment

Here, Plaintiff seeks entry of default judgment as to ILA, but the motion does not explain why there is no just reason for delay of entry of final judgment as to fewer than all claims and parties. The operative complaint asserts the first, second, third, sixth, and eighth claims against each Defendant, the fourth and seventh claims against Jamie and Kathy Gibson, and the fifth claim against ILA, HFN, and Jamie Gibson. (Doc. No. 1.) The complaint also prays for judgment against Defendants "jointly and severally." (*Id.*) It therefore appears Plaintiff is seeking relief against Defendants jointly and severally and, under *Frow,* default judgment should not be entered against one Defendant until the matter has been adjudicated as to all Defendants. At the very least, the claims, facts, and legal issues asserted in the complaint relative to each of the Defendants are very similar. *See In re First T.D. & Inv. Inc.*, 253 F.3d at 532 (reasoning that the *Frow* principle applies to circumstances in which counterclaim parties have closely related defenses or are otherwise "similarly situated."). Consequently, there appears to be a significant risk of incongruous or inconsistent judgments if the Court were to grant default judgment against ILA at this juncture.

While the motion also requests entry of judgment against HFN and Jamie Gibson pursuant to the parties' stipulation, the Court previously denied the parties' stipulation by its order issued on June 24, 2020. (*See* Doc. No. 40.) The parties have not resubmitted a stipulation which resolves the issues that the Court identified in its order. The motion also does not address entry of judgment against or dismissal of Defendant Kathy Gibson. Accordingly, the motion necessarily seeks entry of judgment as to fewer than all claims and defendants.

Further, the parties' stipulation was signed by Jamie Gibson on behalf of HFN. (*See* Doc. No. 28.) It is well-stablished that officers of a corporation cannot represent the corporation before the Court and the entity can only appear through counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–202 (1993); *D–Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); Local Rule 83–2.10.1 ("A corporation including a limited liability corporation, a partnership including a

5

limited liability partnership, an unincorporated association, or a trust may not appear in any action or proceeding pro se."). Indeed, the Court previously admonished Jamie Gibson that, although he has the right to appear on his own behalf in this action, he has no authority to represent any of the remaining Defendants. (*See* Doc. No. 26 at 4.) Because the law mandates that corporations be represented by counsel, the stipulation is invalid, and the Court lacks jurisdiction to enter judgment on the basis of such a stipulation. *United Pac. Energy Operations & Consulting, Inc. v. Gas & Oil Techs., Inc.*, 2012 WL 12953446, at *3 (C.D. Cal. Mar. 30, 2012).

Plaintiff's case is not so unusual as to warrant entry of final judgment against ILA only and Plaintiff has not offered any reason to justify proceeding in a piecemeal fashion. Accordingly, the Court will recommend that Plaintiff's motion for entry of default judgment be denied without prejudice. Should Plaintiff elect to refile its motion, it should address the *Eitel* factors and, if default judgment is sought as to only some claims or defendants, provide an explanation as to why "there is no just reason for delay." *See* Fed. R. Civ. P. 54(b); *Johnson v. Cate*, 2009 WL 1769621, at *1–3 (E.D. Cal. June 23, 2009) ("[T]he applicant should supply the Court with all pertinent and necessary legal authority pursuant to which it is appropriate to enter judgment against a particular party . . .. [The applicant] bears the burden of providing authority showing that [it] is entitled to the relief requested.").[1]

### III.   ORDER AND RECOMMENDATION

Accordingly, it is HEREBY ORDERED that the Scheduling Conference currently set for October 7, 2020, is VACATED and the Court SETS a Status Conference to be held on **October 21, 2020, at 9:00 AM in Courtroom 8 (BAM) before the undersigned** to discuss the procedural posture of the case. The parties are encouraged to appear at the conference by telephone with each party using

---

[1] The Court further notes that the Declaration of Kurt F. Vote submitted in support of the motion appears to lack foundation as to Mr. Vote's knowledge of the amount of damages set forth therein. Although the declaration explains Mr. Vote's calculations, it does not establish Mr. Vote's personal knowledge of the damage amounts and instead appears to rely on the damage allegations of the complaint. However, allegations regarding damages in a complaint are not taken as true in determining a motion for default judgment and Plaintiff has the burden of proving damages through testimony, written declaration, or affidavit. Fed. R. Civ. P. 55(b)(2); *TeleVideo Sys., Inc.,* 826 F.2d at 917-18; *Geddes*, 559 F.2d at 560; *Abbate Family Farms Ltd. P'ship v. G D Fresh Distribution, Inc.*, 2012 WL 2160959, at *6 (E.D. Cal. June 13, 2012), *report and recommendation adopted,* 2012 WL 2934565 (E.D. Cal. July 18, 2012).

the following dial-in number and access code: **dial-in number 1-877-411-9748; access code 3219139.**

Further, for the reasons stated above, it is HEREBY RECOMMENDED that Plaintiff's motion for default judgment (Doc. No. 60) be denied without prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **September 28, 2020**            /s/ Barbara A. McAuliffe            
UNITED STATES MAGISTRATE JUDGE