UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESHKO PRODUCE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ILA PRODUCTS, INC., et al., <br><br> Defendants. | No. 1:19-cv-00017-DAD-BAM <br><br> <u>ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AS TO DEFENDANTS ILA PRODUCTS, INC. AND HFN CA, INC; GIVING EFFECT TO STIPULATION TO DISMISS DEFENDANT KATHY GIBSON WITHOUT PREJUDICE; AND GIVING EFFECT TO STIPULATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT JAMIE GIBSON</u> <br><br> (Doc. Nos. 67, 67-3, 67-4) |

This matter is before the court on plaintiff Freshko Produce Services, Inc.'s motion for default judgment as to defendants ILA Products, Inc. ("ILA") and HFN CA, Inc. ("HFN") (collectively "the corporate defendants"). (Doc. No. 67.) The parties have also submitted a stipulated request to dismiss defendant Kathy Gibson from this action pursuant to Federal Rule of Civil Procedure 4l(a)(1)(A)(ii), as well as a stipulated request for the entry of judgment in favor of plaintiff and against defendant Jamie Gibson in the amount of $181,674.72. (Doc. Nos. 67-3, 67-4.) Having considered the briefing, the court will grant plaintiff's motion for default judgment and give effect to the parties' stipulated requests.

/////

1

**BACKGROUND**

Plaintiff filed this action on January 4, 2019 against the corporate defendants and defendants Jamie Gibson and Kathy Gibson pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, and related claims. (Doc. No. 1 ("Compl.").) Defendants failed to timely respond to the complaint and the Clerk of the Court therefore entered default against them on February 21, 2019. (Doc. No. 13.)

On February 28, 2019, defendant Jamie Gibson, appearing *pro se*, filed an answer to plaintiff's complaint. (Doc. No. 14.) On March 1, 2019, defendant Kathy Gibson, appearing *pro se*, also filed an answer to the complaint. (Doc. No. 16.) On that same date, plaintiff filed a motion for the entry of default judgment as to all defendants in the amount of $181,674.72. (Doc. No. 15.) On March 4, 2019, the court issued an order construing defendants Jamie Gibson and Kathy Gibson's answers as motions to set aside the Clerk's entry of default against them and requiring the parties to file supplemental briefing. (Doc. No. 17.) On April 22, 2019, the assigned magistrate judge issued findings and recommendations recommending that defendants' motions to set aside default be granted and that plaintiff's motion for default judgment be denied without prejudice. (Doc. No. 26.) On June 5, 2019, the parties filed a stipulation to enter judgment in favor of plaintiff and against all defendants pursuant to a settlement agreement (Doc. Nos. 28, 28-1), and a stipulation to dismiss defendant Kathy Gibson from the action without prejudice and to enter judgment against all other defendants. (Doc. No. 29.) On February 4, 2020, the undersigned adopted the magistrate judge's findings and recommendations and denied the parties' stipulated requests. (Doc. No. 40.)

On August 19, 2020, plaintiff filed a second request for entry of default judgment against the corporate defendants and defendant Jamie Gibson. (Doc. No. 60.) On September 28, 2020, the magistrate judge issued findings and recommendations recommending that plaintiff's filing, construed as a motion for default judgment, be denied without prejudice. (Doc. No. 62.) The undersigned adopted the magistrate judge's findings and recommendations on December 7, 2020. (Doc. No. 66.)

/////

Finally, plaintiff filed the present motion for entry of judgment as to the corporate defendants on December 10, 2020. (Doc. No. 67.) Attached to the motion is the parties' stipulated requests to dismiss defendant Kathy Gibson pursuant to Federal Rule of Civil Procedure 4l(a)(1)(A)(ii) and for the entry of judgment in favor of plaintiff and against defendant Jamie Gibson in the amount of $181,674.72. (Doc. Nos. 67-3, 67-4.) No opposition to the motion has been filed.

**LEGAL STANDARD**

Granting or denying default judgment is within the court's sound discretion. *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Among the factors that may be considered by the court are: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* (citing 6 Moore's Federal Practice ¶ 55–05[2], at 55–24 to 55–26).

**DISCUSSION**

**A.    Motion for Entry of Default Judgment as to the Corporate Defendants**

In resolving plaintiff's motion for entry of default judgment as to the corporate defendants, the court will address each of the *Eitel* factors in turn below.

    1.    <u>Possibility of Prejudice</u>

"The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (citing *PepsiCo v. Cal. Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002)). Here, it is highly likely that plaintiff will be prejudiced if default is not entered, since the corporate defendants are no longer active California corporations and have both had their status suspended by the California Franchise Tax Board. (Doc. No. 67 at 3) (explaining that on October 23, 2020,

plaintiff searched for "ILA Products" and "HFN CA" on the California Secretary of State's website). Plaintiff notes that granting the pending motion and giving effect to the parties' stipulated requests for dismissal of defendant Kathy Gibson and for the entry of judgment against defendant Jamie Gibson in an amount certain will resolve this case as to all defendants, obliviating concerns that this will be a partial judgment entered as to only certain parties under Rule 54(b). (*Id.* at 6.) Additionally, plaintiff argues that the corporate defendants were likely placed on notice of the allegations against them when defendant Jamie Gibson became aware of the matter, because he is concededly the president of HFN and signed plaintiff's initial credit application on behalf of ILA. (*Id.*)

Absent the granting of default judgment in plaintiff's favor, it appears that plaintiff would "likely be without recourse or recovery." *United States v. Approximately $19,126*, No. 16-cv-06645-LHK, 2017 WL 3969455, at *4 (N.D. Cal. Sept. 8, 2017). Consideration of this factor weighs in favor of granting plaintiff's motion.

2. <u>Merits of Plaintiff's Claim and Sufficiency of Complaint</u>

The second and third *Eitel* factors, relating to the merits of plaintiff's claims and the sufficiency of the complaint, can be discussed here in tandem. Because defendants have defaulted, the factual allegations of the complaint are taken as true, except for the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Plaintiff must allege the elements of a PACA trust claim, which are the following:

> (1) plaintiff is a PACA licensee; (2) plaintiff sold perishable agricultural commodities; (3) the buyer was subject to the trust provisions of PACA; (4) the perishable agricultural commodities traveled through interstate commerce; (5) plaintiff preserved their PACA trust rights by providing requisite notice to the buyer; and (6) the buyer has not made full payment on at least some of the produce provided by plaintiff.

*Spada Props., Inc. v. Unified Grocers, Inc.*, 38 F. Supp. 3d 1223, 1230 n.2 (D. Or. Aug. 15, 2014).

Here, there are no noteworthy disputes as to the allegations in plaintiff's complaint. The complaint alleges that plaintiff is a PACA licensee (Compl. at ¶ 3); that plaintiff sold various perishable agricultural commodities to the corporate defendants (*id.* at ¶ 16); that each defendant

4

is subject to the trust provisions of PACA (*id.* at ¶¶ 4, 5, 6, 7, 8, 10); that the commodities in question traveled through interstate commerce (*id.* at ¶ 15); that plaintiff provided the corporate defendants with timely written notice (*id.* at ¶ 22), and that defendants have not made full payment on the produce sold by plaintiff (*id.* at ¶ 21).

Additionally, plaintiff brings six claims against the corporate defendants for failure to comply with the statutory PACA trust provisions: (1) failure to maintain trust in violation of PACA; (2) dissipation of trust assets; (3) failure to account and pay promptly in violation of PACA; (4) action on account/breach of contract; (5) unjust enrichment; and (6) declaratory relief. (Compl. at ¶¶ 13–34, 40–48, 56–59.) "Produce sellers are provided the establishment of a statutory trust where a 'produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer.'" *Fam. Tree Produce, Inc. v. Bautista*, No. 13-cv-00364-DOC, 2013 WL 6733576, at *3 (C.D. Cal. Dec. 13, 2013) (quoting *Bowlin & Son, Inc. v. San Joaquin Food Serv. (In re San Joaquin Food Serv., Inc.)*, 958 F.2d 938, 939 (9th Cir.1992). Additionally, "[t]he trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." *In re Milton Poulos, Inc.*, 947 F.2d 1351, 1352 (9th Cir. 1991). To preserve the benefits of the trust, the unpaid seller must give written notice to the produce dealer as specified at 7 U.S.C. § 499e(c)(3).

Pointing to its invoices and statements sent to the corporate defendants, plaintiff contends it is undisputed that the corporate defendants purchased perishable commodities within the meaning of PACA from plaintiff at various points between December 20, 2017 and July 31, 2018. (Doc. No. 67 at 4) (citing Compl., Exs. B & C); *see also* 7 U.S.C. § 499a(b)(4) (defining "perishable agricultural commodity" under PACA as "any of the following, whether or not frozen or packed in ice: Fresh fruits and fresh vegetables of every kind and character"). Plaintiff also contends that it is undisputed that the corporate defendants failed to pay their outstanding invoices, and thereby damaged plaintiffs in the amount of $181,674.72. (Doc. No. 67 at 4.) To support this assertion, plaintiff has attached to its motion the declaration of Stephen Crabb, Freshko Produce Services, Inc's controller. (Doc. No. 67-1 at ¶ 1). Therein, declarant Crabb

5

states that $181,674.72 is due in this action as of March 1, 2019, and that this amount was computed by calculating interest on a daily basis at 18 percent per annum on a 365 day year for each transaction and then multiplying by the number of days between seven days after the invoice date of each transaction and March 1, 2019.  (*Id.* at ¶ 2; *id.*, Ex. A; *see also* Compl., Ex. C) (showing separate, outstanding invoice amounts of $36,035.01, $6,138.17, $17,996.25, $21,310.95, $34,997.40, and $39,905.55).  Finally, plaintiff gave the corporate defendants written notice of intent to preserve trust rights by way of its invoices.  (*See* Compl., Ex. B); 7 U.S.C. § 499e(c)(4);  *Fam. Tree Produce, Inc.*, 2013 WL 6733576, at *3 ("The notice of intent on invoices serves to advise purchasers that they have a fiduciary duty to preserve a PACA trust until full payment has been made for the purchased produce.").  Accordingly, the court finds plaintiff's allegations sufficient to state PACA claims against the corporate defendants.  *See id.*

3. <u>The Sum of Money at Stake in this Action</u>

Plaintiff seeks an amount that is directly related to the amount of produce sold by it to defendants.  (Doc. No. 67 at 5.)  Plaintiff argues that the sum of money requested in this motion for default judgment is similar to amounts sought in other PACA cases and is not within the range of amounts that caused concern with the *Eitel* court.  (*Id.*) (citing *Chong's Produce, Inc. v. Pushpak Rest. Inc.*, No. 15-cv-04923-HRL, 2017 WL 990585, at *3 (N.D. Cal. Feb. 27, 2017) ("[T]he amount at stake here—just shy of $53,000—is nowhere near the several-million-dollar-sum at stake in *Eitel* that caused the court concern in that case."); *Fam. Tree Produce, Inc.*, 2013 WL 6733576, at *4 (approximately $60,000 at stake); *Church Bros., LLC v. Garden of Eden Produce, LLC*, No. 5:11-cv-04114 EJD, 2012 WL 1155656, at *4 (N.D. Cal. April 5, 2012) (approximately $215,000 at stake)).  Additionally, as discussed above, declarant Crabb is familiar with the amounts owed in this action through his duties performed in the regular course of his job, and he details the computations in arriving at the requested judgment amount.  (Doc. No. 67-1 at ¶¶ 2–3.)  The court therefore finds that the sum of money at stake in this action is appropriate and consideration of that factor does not weigh against the granting of default judgment.

4. <u>Possibility of a Dispute Concerning Material Facts</u>

There are no disputes about material facts in this case, because the allegations in the

complaint are assumed to be true based on the corporate defendants' default. *Geddes*, 559 F.2d at 560 ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). As stated above, the Crabb Declaration details how the judgment amount was computed. (Doc. No. 67-1 at ¶¶ 2–3.) Moreover, defendant Jamie Gibson has agreed to stipulate to a judgment against himself in the full amount requested, which plaintiff argues is indication that defendant Jamie Gibson does not dispute that this amount is owed to plaintiff. (Doc. No. 67 at 5–6.) The court finds these arguments persuasive.

### 5. Default Due to Excusable Neglect

Here, the corporate defendants cannot make a reasonable argument that their conduct constitutes excusable neglect. As discussed above, defendant Jamie Gibson is the president of HFN, signed plaintiff's initial credit application on behalf of ILA, and has known about this case for well over a year. (Doc. No. 67 at 6.) Plaintiff also asserts that it went to significant lengths to serve the two corporate entities. (*Id.*) The court therefore finds it exceedingly unlikely that the corporate defendants' failure to meaningfully participate in this action is due to excusable neglect.

### 6. Decisions on the Merits

The court acknowledges the strong preference for resolution of cases on the merits. However, the corporate defendants' failure to contest this action and refusal to participate in this litigation makes a merits determination effectively impossible. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (noting that Federal Rule of Civil Procedure 55 permits "termination of a case before hearing the merits . . . whenever a defendant fails to defend an action"). Plaintiff also notes that where the rest of the *Eitel* factors weigh in favor of granting default judgment, this general presumption provides no bar to the entry of default judgment. (Doc. No. 67 at 6) (citing *Wahluke Produce, Inc. v. Guerra Mktg. Int'l, Inc.*, No. 1:11-cv-1981 LJO-BAM, 2012 WL 1601876, at *5 (E.D. Cal. May 7, 2012)). Accordingly, consideration of this factor alone cannot defeat entry of default judgment.

Having considered the relevant factors, the court is satisfied that entry of default judgment is warranted under the circumstances presented here.

/////

**B.     Stipulation to Dismiss Defendant Kathy Gibson Without Prejudice**

Next, the court considers the parties' stipulated request to dismiss defendant Kathy Gibson from this action without prejudice pursuant to Rule 41(a)(1)(A)(ii). (Doc. No. 67-3.) The parties make this request pursuant to a settlement agreement, in which they have agreed that defendant Kathy Gibson will be dismissed, and judgment will be entered against all defendants other than defendant Kathy Gibson. The parties also stipulate that defendant Kathy Gibson and plaintiff shall each bear their own attorneys' fees and costs related to her dismissal. (*Id.*)

Pursuant to the parties' settlement agreement and finding good cause, the court will grant the parties' stipulated request.

**C.     Stipulation for Entry of Judgment as to Defendant Jamie Gibson**

Finally, the court considers the parties' stipulated request for entry of judgment as to defendant Jamie Gibson in the amount of $181,674.72. (Doc. No. 67-4.) In this regard, the parties stipulate that plaintiff will have twenty-eight days from entry of judgment to file a motion for attorneys' fees, seeking to recover all fees and costs incurred, pursuant to Local Rule 293. (*Id.*) The parties also stipulate that interest shall accrue on the unpaid amount of the judgment from the date of entry of this order, until paid at the legal rate and that plaintiff is entitled to attorneys' fees and costs to enforce this judgment in an amount according to proof pursuant to the provisions of California Code of Civil Procedure § 685.040.[1] (*Id.*)

---

[1] Federal Rule of Civil Procedure 69(a)(1) provides that

> [a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution— must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

"The Ninth Circuit has held that motions for fees incurred in obtaining judgments are 'supplemental proceedings' such that Rule 69(a)(1) applies." *WB Music Corp. v. Royce Int'l Broad. Corp.*, No. EDCV16600JGBSPX, 2020 WL 8174627, at *2 (C.D. Cal. Nov. 20, 2020). California law provides that a "judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment." Cal. Civ. Proc. Code § 685.040. "Attorneys' fees incurred in enforcing a judgment are not recoverable under § 685.040 'unless otherwise provided by law.'" *China Branding Grp. Ltd. v. Tony Bobnlinski*, No. 2:20-cv-06759-RGK-JC, 2021 WL 1678976, at *1 (C.D. Cal. Mar. 31, 2021).

Pursuant to the parties' agreement and finding good cause, the court will grant the parties' requests to dismiss defendant Kathy Gibson pursuant to Federal Rule of Civil Procedure 4l(a)(1)(A)(ii) and enter judgment in favor of plaintiff and against defendant Jamie Gibson.

## CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for entry of default judgment against defendants ILA Products, Inc. and HFN CA, Inc. (Doc. No. 67) is granted;

2. Defendant Kathy Gibson is dismissed without prejudice;

3. Plaintiff and defendant Kathy Gibson shall each bear their own attorneys' fees and cost related to defendant Kathy Gibson's dismissal; and

4. Judgment in this action is entered as follows:

    a. In favor of plaintiff Freshko Produce Services, Inc. and against defendants ILA Products, Inc. and HFN CA, Inc.[2];

    b. In favor of plaintiff Freshko Produce Services, Inc. and against defendant Jamie Gibson in the amount of $181,674.72;

5. Plaintiff shall have twenty-eight (28) days from entry of judgment to file a motion for attorneys' fees to recover fees and costs incurred in this action; and

6. Plaintiff is entitled to attorneys' fees and costs to enforce this judgment in an amount according to proof pursuant to the provisions of California Code of Civil Procedure § 685.040. (*Id.*)

IT IS SO ORDERED.

Dated: **May 13, 2021**

UNITED STATES DISTRICT JUDGE

---

[2] The potential joint and several liability of the corporate defendants and defendants Jamie and Kathy Gibson, is not presently before the court and it will therefore not be addressed in this order despite plaintiff's arguments that this an undisputed fact. (*See* Doc. No. 67 at 4.)