UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESHKO PRODUCE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ILA PRODUCTS, INC., et al., <br><br> Defendants. | No. 1:19-cv-00017-DAD-BAM <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES <br><br> (Doc. No. 70) |

This matter is before the court on plaintiff Freshko Produce Services, Inc.'s motion for attorneys' fees. (Doc. No. 70.) Pursuant to General Order No. 617 addressing the public health emergency posed by the coronavirus pandemic, on May 24, 2021, the court took this matter under submission to be decided on the papers. (Doc. No. 71.) Having considered the briefing, the court will grant plaintiff's motion for attorneys' fees.

**BACKGROUND**

Plaintiff filed this action on January 4, 2019 against defendants ILA Products, Inc. ("ILA") and HFN CA, Inc. ("HFN") (collectively "the corporate defendants") and defendants Jamie Gibson and Kathy Gibson for claims stemming from a series of transactions for the sale of perishable agricultural commodities on credit pursuant to a written credit application (the "Credit Application") arising under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, ("PACA") and other related claims. (Doc. No. 1 at ¶¶ 13–39, 49–59.) Defendants failed to

timely respond to the complaint and the Clerk of the Court therefore entered default against them on February 21, 2019.  (Doc. No. 13.)  Additional pertinent details of the procedural record may be found in the court's May 14, 2021 order and will not be repeated herein.  (Doc. No. 68.)

Plaintiff filed a motion for entry of judgment as to the corporate defendants on December 10, 2020.  (Doc. No. 67.)  Attached to the motion were the parties' stipulated requests to dismiss defendant Kathy Gibson pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and for the entry of judgment in favor of plaintiff and against defendant Jamie Gibson in the amount of $181,674.72.  (Doc. Nos. 67-3, 67-4.)

On May 14, 2021, the court entered an order of default judgment as to the corporate defendants.  (Doc. No. 68.)  Therein, pursuant to the parties' settlement agreement and finding good cause, the court also granted the parties' stipulated request to dismiss defendant Kathy Gibson from this action without prejudice pursuant to Rule 41(a)(1)(A)(ii) and to enter judgment in favor of plaintiff and against defendant Jamie Gibson.  (*Id.*)  The court then directed plaintiff to file any motion for attorneys' fees to recover fees incurred in this action within twenty-eight (28) days from entry of judgment in accordance with the terms of the parties' settlement agreement.  (*Id.* at 9.)

Plaintiff did so on May 21, 2021.  (Doc. No. 70.)  No opposition was filed, and on July 7, 2021, plaintiff filed its reply.  (Doc. No. 72.)

## LEGAL STANDARDS

"Congress enacted PACA in 1930 to promote fair trading practices in the produce industry." *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc*., 222 F.3d 132, 135 (3d Cir. 2000).  PACA had the intent of "preventing unfair business practices and promoting financial responsibility in the fresh fruit and produce industry." *Farley and Calfree, Inc. v. United States Dep't of Agric.*, 941 F.2d 964, 966 (9th Cir. 1991).  "Dealers violate PACA if they do not pay promptly and in full for any perishable commodity in interstate commerce."  7 U.S.C. § 499b(4); *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir. 1997).

/////

/////

In particular, "perishable agricultural commodities, inventories of food or other derivative products, and any receivables or proceeds from the sale of such commodities or products, are to be held in a non-segregated floating trust for the benefit of unpair sellers." *Tanimura & Antle, Inc.*, 222 F.3d at 136; *see also* 7 U.S.C. § 499e(c)(2). Any failure to "make full payment promptly" in respect to a transaction is unlawful pursuant to 7 U.S.C. § 499b(4), and any violation of § 499b subjects the buyer to liability for any damages caused by the violation. 7 U.S.C. § 499e(a).

"Although an express statutory basis for attorneys' fees does not exist under PACA, the Ninth Circuit has found attorneys' fees proper when an enforceable contract exists giving the [PACA claimant] a right to attorneys' fees." *Chong's Produce, Inc. v. Pushpak Rest. Inc.*, No. 15-cv-04923-HRL, 2017 WL 990585, at *4 (N.D. Cal. Feb. 27, 2017). PACA provides in the relevant part:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until *full payment of the sums owing in connection with such transactions* has been received by such unpaid suppliers, sellers, or agents. Payment shall not be considered to have been made if the supplier, seller, or agent receives a payment instrument which is dishonored.

7 U.S.C. § 499e(c)(2) (emphasis added.) The Ninth Circuit has interpreted the emphasized provision as allowing for the recovery of contractually due reasonable attorneys' fees and costs. *Middle Mountain Land & Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1223 (9th Cir. 2002) ("A fair reading of the statute brings contractually due attorneys' fees and interest within the scope of the statute's protection of 'full payment owing in connection with the [perishable agricultural commodities] transaction.'") Thus, where a valid contract exists, which contains an express provision providing for the payment of attorneys' fees incurred in collecting sums due pursuant to its terms in a PACA case, it is enforceable. *See Chong's Produce, Inc.*, 2017 WL 990585, at *4; *Church Bros. v. Garden of Eden Produce, LLC*, No. 5:11-cv-04114 EJD, 2012 WL

1155656, at *3 (N.D. Cal. Apr. 5, 2012) (awarding attorneys' fees in PACA claim pursuant to parties' contract); *Sequoia Sales, Inc. v. P.Y. Produce, LLC*, No. CV 10-5757 CW (NJV), 2011 WL 3607242, at *7 (N.D. Cal. July 29, 2011).

A district court also "has discretion to award reasonable prejudgment interest to a PACA claimant when there is not a contract between the parties, if such award is necessary to promote the interest of the claimant." *Prime Time Sales, LLC v. Glob. Fresh Produce, LLC*, No. 1:20-cv-0229-DAD-JLT, 2020 WL 3605617, at *6 (E.D. Cal. July 2, 2020), *report and recommendation adopted*, No. 1:20-cv-00229-DAD-JLT, 2020 WL 4607284 (E.D. Cal. Aug. 11, 2020) (citing *Middle Mountain Land*, 307 F.3d at 1225–26).

## DISCUSSION

Here, the parties previously stipulated that plaintiff is entitled to attorneys' fees and costs in an amount according to proof pursuant to the provisions of California Code of Civil Procedure § 685.040.[1]  (Doc. No. 67-4.)  The parties further stipulated that plaintiff would file a motion for attorneys' fees, seeking to recover all fees and costs incurred, pursuant to Local Rule 293, and that interest shall accrue on the unpaid amount of the judgment from the date of entry of the court's May 14, 2021 order (Doc. No. 68), until paid at the legal rate.  (*Id.*)

Furthermore, the Credit Application in this case contains an express provision providing for the payment of attorneys' fees incurred in collecting sums due pursuant to its terms.  (Doc.

---

[1]  Federal Rule of Civil Procedure 69(a)(1) provides that

> [a] money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

"The Ninth Circuit has held that motions for fees incurred in obtaining judgments are 'supplemental proceedings' such that Rule 69(a)(1) applies." *WB Music Corp. v. Royce Int'l Broad. Corp.*, No. EDCV 16-600 JGB (SPx), 2020 WL 8174627, at *2 (C.D. Cal. Nov. 20, 2020).  California law provides that a "judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment." Cal. Civ. Proc. Code § 685.040. "Attorneys' fees incurred in enforcing a judgment are not recoverable under § 685.040 'unless otherwise provided by law.'" *China Branding Grp. Ltd. v. Tony Bobnlinski*, No. 2:20-cv-06759-RGK-JC, 2021 WL 1678976, at *1 (C.D. Cal. Mar. 31, 2021).

4

No. 1 at 15) ("The undersigned further agrees to pay a reasonable attorneys' fee and all other costs and expenses incurred in collection of any obligation of the undersigned pursuant hereto.") Now plaintiff seeks attorneys' fees totaling $21,390.00 incurred in pursuing this action but does not appear to request any costs. (Doc. No. 70-1 at 2.)

After reviewing the Credit Application in this action and observing that this pending motion is unopposed, the court concludes that the fee-shifting provision of the Credit Application is sufficient to support plaintiff's request for attorneys' fees. California law also allows for attorneys' fees to be awarded when permitted by contract to the "prevailing party" on a claim to enforce the contract. Cal. Civ. Code § 1717. The court finds that defendants are liable for plaintiff's reasonable attorney fees and now turns to calculation of the lodestar amount to cross-check the reasonableness of the requested attorneys' fee award.

**A.     Reasonableness of Plaintiff's Counsel's Rates**

"The Supreme Court has stated that the lodestar is the 'guiding light' of its fee-shifting jurisprudence, a standard that is the fundamental starting point in determining a reasonable attorney's fee." *Van Skike v. Director, Office of Workers' Comp. Programs*, 557 F.3d 1041, 1048 (9th Cir. 2009) (quoting *City of Burlingtion v. Dague*, 505 U.S. 557, 562 (1992)); *see also Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2010), *abrogated on other grounds by Marx v. General Revenue Corp.*, 568 U.S. 371 (2013). Accordingly, a district court is required "to calculate an award of attorneys' fees by first calculating the 'lodestar' before departing from it." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008) (quoting *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028 (9th Cir. 2000)). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* at 978 (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client."); *Caudle*, 224 F.3d at 1028; *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Applying these standards, "a district court should exclude from the lodestar amount hours that are not reasonably

expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley*, 461 U.S. 424, 434 (1983)); *see also Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 955 (9th Cir. 2007).

The lodestar figure is presumptively reasonable. *City of Burlingtion*, 505 U.S. at 562 ("We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee . . .."); *Rouse*, 603 F.3d at 704; *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). Accordingly, "[a]djustments to the lodestar amount are allowed only if circumstances warrant . . . and are reserved for rare or exceptional cases." *Rouse*, 603 F.3d at 704 (internal quotation marks and citations omitted). In light of these governing standards, any adjustments to the lodestar must be carefully tailored, drawing from a finite pool of factors relevant to the reasonableness determination and only to the extent a factor has not been subsumed within the lodestar calculation. *See Camacho*, 523 F.3d at 982 (citing the factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). Those factors include the preclusion of other employment by the attorney due to acceptance of the case; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Rouse*, 603 F.3d at 705; *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

Here, plaintiff's counsel represents that three attorneys and one paralegal worked on this case. (Doc. No. 70-2 at 2.) Those individuals billed at hourly rates of $350 for the most senior attorney, $250 for the junior and mid-level attorneys, and $150 for a paralegal with more than 30 years of experience. (*Id.*) Moreover, plaintiff's counsel has voluntarily wrote off $425.00 of time they deemed as duplicative and/or unnecessary, and both attorneys Vote and Lisieski request hourly rates less those they customarily charge. (*Id.* at 2–3.)

According to the billing records and declaration of counsel, plaintiff's attorneys' fees sought[2] are reflected in the chart below:

---

[2] These totals also include the time spent preparing the pending motion. (Doc. No. 70-2 at 2–3.)

| Name | Position and Years of Experience | Rate | Hours Worked | Total |
|---|---|---|---|---|
| Kurt F. Vote | Attorney, >30 years | $350 | 29.2 | $10,220.00 |
| Christopher A. Lisieski | Attorney, 7 years | $250 | 13.2 | $3,300.00 |
| Hunter C. Castro | Attorney, 3 years | $250 | 5.4 | $1,350.00 - $425.00 (write-offs) = $925.00 |
| Sherri L. Large | Paralegal, >30 years | $150 | 46.3 | $6,945.00 |
| | | | **Total Fees:** | $21,390.00 |

The court finds that the rates employed by plaintiffs' counsel in calculating the lodestar are generally lower than those that have been approved in other Eastern District of California cases. *See Emmons v. Quest Diagnostics Clinical Labs., Inc.*, No. 1:13-cv-00474-DAD-BAM, 2017 WL 749018, at *8 (E.D. Cal. Feb. 27, 2017) (approving rates between $370 and $495 for associates and $545 and $695 for senior counsel and partners in conducting a lodestar cross-check); *Mitchinson v. Love's Travel Stops & Country Stores, Inc.*, No. 1:15-cv-01474-DAD-BAM, 2017 WL 2289342, at *7 (E.D. Cal. May 25, 2017) (approving rates between $175 and $400 for attorneys in conducting a lodestar cross-check); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 452 (E.D. Cal. 2013) (awarding between $280 and $560 per hour for attorneys with two to eight years of experience, and $720 per hour for attorney with 21 years of experience); *Gong-Chun v. Aetna Inc.*, No. 1:09-cv-01995-SKO, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) (awarding between $300 and $420 per hour for associates, and between $490 and $695 per hour for senior counsel and partners). *But see Reyes v. CVS Pharm., Inc.*, No. 1:14-cv-00964-MJS, 2016 WL 3549260, at *12–13 (E.D. Cal. June 29, 2016) (applying rates of between $250 and $380 for attorneys with more than twenty years of experience, and between $175 and $300 for attorneys with less than ten years' experience); *Rosales v. El Rancho Farms*, No. 1:09-cv-00707-AWI, 2015 WL 4460635, at *25 (E.D. Cal. July 21, 2015) (awarding between $175 and $300 per hour for attorneys with less than ten years of experience and $380 per hour for attorneys with more than twenty years' experience); *Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616-AWI-SKO, 2012 WL 2117001, at *22 (E.D. Cal. June 11, 2012) (awarding between $264

and $336 per hour for associates, and $416 and $556 per hour for senior counsel and partners). Thus, consideration of the lodestar cross-check fully supports the reasonableness of plaintiff's attorneys' fees sought.

**A.      Reasonableness of Plaintiff's Counsel's Hours Expended**

According to the billing records and declaration of counsel, plaintiff's counsel worked on this case for times ranging between 5.4 and 46.3 hours. (Doc. No. 70-2 at 2.) Those individuals billed approximately 92.3 hours total. The court determines that these hours are clearly reasonable for initiating and prosecuting this action, including work seeking entry of default judgment and the ultimate stipulation resolving this action.

Plaintiff's counsel also seeks "an additional sum for an appearance at a hearing on this motion before the Court, if necessary, as well as for the work that will be necessary in enforcing the judgment thereon." (Doc. No. 70-1 at 8.) Because the motion was taken under submission on the papers and required no hearing, the court will not award any additional sum on that basis. Regarding the enforcement of the judgment, plaintiff's counsel did not provide any documentation or explanation regarding attorney time anticipated to be spent in that regard and therefore the court will decline to award any additional fees in that regard at this time.

Thus, the court concludes that the attorneys' fees incurred by plaintiff herein, including the hourly rate of its counsel and the total number of hours expended in this litigation, are reasonable.

**CONCLUSION**

For the reasons stated above:

1. Plaintiff's motion for attorneys' fees (Doc. No. 70) is granted in the amount of $21,390.00; and
2. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **September 2, 2021**

UNITED STATES DISTRICT JUDGE